UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL LOWE,

                          Petitioner,

            v.                                                    9:20-CV-0595
                                                                  (GTS/ML)

WARDEN,

                          Respondent.

_____

APPEARANCES:                                          OF COUNSEL:

MICHAEL LOWE
Petitioner, pro se
95656-020
COLEMAN MEDIUM FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1032
COLEMAN, FL 33521

HON. CARLA B. FREEDMAN                                THOMAS SPINA, Jr., ESQ.
United States Attorney for the                       Ass't United States Attorney
Northern District of New York
Office of United States Attorney, Albany
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207-2924

MIROSLAV LOVRIC
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

### I.    INTRODUCTION

Petitioner Michael Lowe ("Petitioner") seeks federal habeas corpus relief

pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet.").  On June 2, 2020, this action

was administratively closed due to Petitioner's failure to properly commence it.  Dkt. No.

1

2, Order Directing Administrative Closure.  Petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars, or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application, within thirty days of the filing date of that Order.  *Id*. at 2.  Petitioner subsequently paid the filing fee and the case was reopened.  Dkt. Entry dated 06/16/2020 (identifying receipt information for the filing fee transaction); Dkt. No. 3, Text Order (returning action to the Court's active docket).

Respondent opposed the petition.  Dkt. No. 6, Memorandum of Law in Opposition to Petition; Dkt. Nos. 6-1–6, Exhibits.  The Court issued a Text Order directing Petitioner to file a reply if he so wished.  Dkt. No. 7.  Respondent successfully requested permission to file Petitioner's presentence report under seal.  Dkt. No. 8, Motion; Dkt. No. 9, Order (granting motion); Dkt. No. 10, Sealed Document.  Petitioner filed a motion seeking a determination of this case's status and requesting permission to file a reply.  Dkt. No. 11, Letter Motion.  In a Text Order dated December 15, 2020, the Court granted Petitioner's request to file a reply due on or before January 12, 2021. Dkt. No. 12, Text Order (granting request).[1]

Petitioner subsequently requested a stay and Respondent opposed Petitioner's letter motion.  Dkt. No. 14, Letter Motion; Dkt. No. 15, Response.  On February 3, 2021, the Court denied Petitioner's motion for a stay but granted Petitioner an additional sixty days to file his reply.  Dkt. No. 16, Decision and Order.  Petitioner submitted a reply. Dkt. No. 17, Traverse.

## II.    RELEVANT BACKGROUND

---

[1] The Text Order acknowledged "[i]t appear[ed] that petitioner did not receive . . . notification" of the Court's prior order. Dkt. No. 12.

In an Indictment filed with the District Court for the Middle District of Georgia ("Middle District of Georgia" or "MDGA") on May 11, 2012, Petitioner was charged with: one count of Possession With Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D); one count of Possession of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).  *See* Dkt. No. 6-1, Docket Sheet from Federal Criminal Proceeding in Georgia (hereinafter, "MDGA Docket Sheet") at 2-3; Dkt. No. 10, SEALED Presentence Investigation Report (hereinafter, "PSI Report") at 1.[2]  On October 3, 2012, Petitioner entered a plea of guilty to the charged offenses.  Dkt. No. 6-3, Transcript of Plea Agreement (hereinafter, "Plea Transcript") at 17.  Petitioner entered said plea pursuant to a plea agreement Petitioner accepted with the assistance of counsel in court.  Dkt. No. 6-2, Plea Agreement (hereinafter, "Plea Agreement"); *see also* Plea Transcript at 9-17.  The Middle District of Georgia accepted Petitioner's plea, adjudicated him guilty of the three offenses, and ordered a pre-sentence investigation be conducted and report produced.  Dkt. No. 6-5, Judgment in a Criminal Case, Case Number 3:12-CR-15-001 (CAR) (hereinafter, "Judgment"); *see also* Plea Transcript at 17-18.

On January 23, 2013, Petitioner reappeared before the Middle District of Georgia for sentencing.  Dkt. No. 6-4, Sentencing Transcript (hereinafter, "Sentencing Transcript").  The Middle District of Georgia sentenced Petitioner to a period of 101 months for his convictions on Counts One and Three, for Possession With Intent to Distribute Marijuana and Possession of a Firearm by a Convicted Felon, to run

---

[2] Citations to the parties' submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.

consecutively to each other, and a period of sixty months for his conviction on Count Two, for Possession of a Firearm During a Drug Trafficking Crime, to run consecutively to the sentences imposed for Counts One and Three, for a total sentence of 262 months imprisonment. Sentencing Transcript at 6; *see also* MDGA Docket Sheet at 5. Petitioner appealed his sentence to the United States Court of Appeals for the Eleventh Circuit, but the appeal was dismissed for want of prosecution. MDGA Docket Sheet at 5-6 (relying on Dkt. No. 39, dated January 31, 2013, Notice of Appeal; and Dkt. No. 47, dated April 17, 2013, Mandate of USCA, dismissing appeal).

Petitioner subsequently filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. MDGA Docket Sheet at 6 (identifying specifically Dkt. No. 49, Motion to Vacate). The Middle District of Georgia denied Petitioner's motion. MDGA Docket Sheet at 6-7 (citing Dkt. No. 53, Report and Recommendation to deny Petitioner's Motion to Vacate; Dkt. No. 61, Order adopting Report and Recommendation, and denying Petitioner's Motion to Vacate and a Certificate of Appealability; and Dkt. No. 62, Judgment on Motion to Vacate).

Petitioner filed a second motion to vacate pursuant to 28 U.S.C. § 2255. MDGA Docket Sheet at 7 (referencing Dkt. No. 64, Motion to Vacate). On December 7, 2016, the Middle District of Georgia ultimately denied Petitioner's motion. MDGA Docket Sheet at 7-8 (referring to Dkt. No. 70, Report and Recommendation denying Petitioner's Motion to Vacate; Dkt. No. 71, Order adopting Report and Recommendations; and Dkt. No. 72, Judgment on Motion to Vacate).

On June 21, 2019, the United States Supreme Court decided *Rehaif v. United States. See* 204 L. Ed. 2d 594, 139 S. Ct. 2191 (2019). Approximately one year later,

while incarcerated at the Federal Correction Institution, Ray Brook, Petitioner filed the instant Petition.  *See* Pet. at 19 (dated May 29, 2020).

## III.  PETITION

Petitioner challenges his conviction following a guilty plea for Possession of a Firearm by a Convicted Felon.  *See* Pet.; *see also* 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Petitioner seeks to vacate said conviction following the United States Supreme Court's decision in *Rehaif*, holding "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove *both* that the defendant *knew he possessed a firearm* and that he *knew he belonged to the relevant category of persons barred from possessing a firearm.*"  *Rehaif*, 139 S. Ct. at 2200 (emphasis added).  Respondent contends this Court lacks jurisdiction to review the instant Petition.  Dkt. No. 6.  As explained below, the undersigned agrees.

## IV.  DISCUSSION

### A.  Section 2241 is not the Appropriate Vehicle for Petitioner's Claim

Petitioner requests that this Court vacate his judgment of conviction and sentence imposed following entry of a plea of guilty to Possession of a Firearm by a Convicted Felon pursuant to 28 U.S.C. § 2241.  *See generally*, Pet.  Respondent avers Petitioner's claim is a matter ordinarily resolved under § 2255.  As the Second Circuit has explained:

> Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal prisoner to challenge his detention, but the two sections offer relief for different kinds of perceived wrongs. Section 2255 . . . is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence . . . Section 2241 by contrast is the proper means to challenge the *execution* of a sentence.

*Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004) (citations omitted, emphasis in original).  Therefore, "[i]n general, federal prisoners who seek to collaterally attack the basis for imposing a sentence—including by challenging the underlying conviction—must move 'to vacate, set aside or correct the sentence' under 28 U.S.C. § 2255(a)."  *Dhinsa v. Krueger*, 917 F.3d 70, 80-81 (2d Cir. 2019).

In the present case, Petitioner's argument– that the government did not prove Petitioner knew he was a member of the class barred from possessing a firearm, as is now required by *Rehaif*, –challenges the conviction on which his sentence was imposed, rather than the execution of his sentence.  Accordingly, § 2255 "appears to be the appropriate vehicle for [Petitioner]'s claims."  *Dhinsa*, 917 F.3d at 81; *see also*, *Ultsch v. United States*, No. 7:19-CV-10703, 2020 WL 7028909, at *3-4 (S.D.N.Y. Nov. 30, 2020) (petitioner's argument that his conviction should be vacated following the Supreme Court's decision in *Rehaif*, contained in a petition pursuant to § 2241, was a matter properly resolved by a petition brought pursuant to § 2255); *Ward v. Warden, FCI Ray Brook*, No. 9:21-CV-0293 (TJM/ATB), 2022 WL 18457786, at *2-4 (N.D.N.Y. Apr. 14, 2022), *report and recommendation adopted*, 2023 WL 395190 (N.D.N.Y. Jan. 25, 2023) (noting the petitioner's challenge to the imposition of his sentence, based on cases decided after his conviction, was "in essence a section 2255 motion[.]").

**B.  Petitioner Cannot Sustain an Action Pursuant to Section 2255**

Respondent avers, and Petitioner does not contest, that Petitioner filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 in the Middle District of Georgia.  *See* Dkt. No. 6 at 5; Pet. at 9 ("Petitioner filed . . . [a] post-conviction motion pursuant to 28 U.S.C. Section 2255 . . . . "); *see also* MDGA Docket Sheet at 6-7.  "A motion will be

regarded as second or successive if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004) (citing *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998)).  Accordingly, any petition brought by Petitioner pursuant to § 2255 would be deemed a second or successive motion.[3]

If a petitioner has brought a previous motion to vacate under section 2255, he must apply to "a panel of the appropriate court of appeals" for permission to file a second or successive petition.  28 U.S.C. § 2255(h).  The Court of Appeals "may grant the motion only if the application contains: (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020) (citing 28 U.S.C. § 2255(h)(1)-(2)).  Petitioner does not offer newly discovered evidence in support of his challenge to the conviction but rather argues *Rehaif* announced a new rule of constitutional law that this Court may apply retroactively.  *See* Pet. at 10-11.

While Petitioner has identified precedent for courts other than the Supreme Court to determine whether a new rule of law may be applied retroactively, the Second Circuit

---

[3] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  *Castro v. United States*, 540 U.S. 375, 383 (2003).  The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court.  *Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

Court of Appeals has explicitly rejected the argument that the Supreme Court's decision in *Rehaif* satisfies the requirement in § 2255(h)(2).  *See Mata*, 969 F.3d at 93 (rejecting Petitioner's argument "that his *Rehaif* claim is based on a new rule of constitutional law that qualifies for relief under § 2255(h)(2).").  As the Second Circuit explained, "[t]he Supreme Court's *Rehaif* decision resolved only a question of *statutory interpretation* and *did not announce a rule of constitutional law* (*much less a new one*, or one that the Supreme Court has made retroactive on collateral review or that was previously unavailable)."  *Id*. (citing *Rehaif*, 139 S. Ct. at 2200) (emphasis added).  Accordingly, this Court may not, consistent with *Mata*, apply *Rehaif* retroactively in the instant matter.[4]

### C.  The "Savings Clause" Does Not Save the Instant Action

That Petitioner has failed to satisfy the statutory requirement contained in § 2255(h)(2), however, does not necessarily preclude habeas relief.  Section 2255 also contains a provision which states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion . . . shall not be entertained if it appears that the applicant has failed to apply for relief . . . or that [the] court [that sentenced petitioner] has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

---

[4] Similarly, the Eleventh Circuit Court of Appeals– which would hear any appeal from Middle District of Georgia, where Petitioner was convicted and sentenced –has declined to authorize a district court to consider a petitioner's second or successive motion to vacate his conviction for possessing a firearm as a convicted felon. *See In re Palacios*, 931 F.3d 1314, 1314-15 (11th Cir. 2019) (rejecting Petitioner's "application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255" which relied solely "on [the] 'new rule of constitutional law,' as announced in *Rehaif v. United States*" because that Supreme Court decision "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g).").

28 U.S.C. § 2255(e); *see also Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997).  The Second Circuit has interpreted this so-called "savings clause"

> [T]o authorize a § 2241 petition only when § 2255 is unavailable *and* the petition is filed by an individual who (1) "can prove 'actual innocence on the existing record,'" and (2) "'could not have effectively raised [his] claim[ ] of innocence at an earlier time,'" perhaps due to an intervening change in the governing interpretation of the statute of conviction.

*Dhinsa*, 917 F.3d at 81 (quoting *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quoting *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997)) (emphasis in original).

Satisfaction of these three prongs– unavailability of § 2255, proof of actual innocence, and a demonstration that the claim could not have been effectively raised earlier –is a jurisdictional requirement.  *Cephas*, 328 F.3d at 105 (holding where a "petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").  "Because the savings clause articulates a jurisdictional requirement, a court adjudicating a § 2241 petition must confirm that the savings clause can be applied at all before proceeding with a full merits review of the petitioner's claims."  *Dhinsa*, 917 F.3d at 81 (citing 28 U.S.C. 2255(e); *Adams*, 372 F.3d at 136).

There is no dispute that "§ 2255 is unavailable" to Petitioner– because he previously filed motions to vacate pursuant to 28 U.S.C. § 2255 in the Middle District of Georgia –and that there has been a "change in the governing interpretation of the statute of conviction[– 18 U.S.C. §§ 922(g)(1) & 924(a)(2)]."  *See Dhinsa*, 917 F.3d at

81.  However, Petitioner is unable to establish that he is actually innocent of the charge of which he was convicted.

"To make a threshold showing of 'actual innocence' under the first prong, a petitioner 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"  *Dhinsa*, 917 F.3d at 81 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  In other words, "petitioner must 'state a colorable . . . claim' . . . that the trial evidence was insufficient to support his conviction on a correct understanding of the law."  *Id.* (quoting *Cephas*, 328 F.3d at 108).  Therefore, in order to prove actual innocence, thus satisfying the savings clause's jurisdictional requirement, Petitioner must demonstrate that, "'after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Id.* (quoting *Coleman v. Johnson*, 566 U.S. 650, 654 (2012)).

Petitioner was charged with and convicted of "Possession of a Firearm by a Convicted Felon in violation of . . . 18 [U.S.C. §§] 922(g)(1) and 924(a)(2)."  Plea Agreement at 4.  Under 18 U.S.C. § 922, it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]"  18 U.S.C. § 922(g)(1).  A subsequent section provides that "[w]hoever knowingly violates subsection . . . (g) . . . of section 922 [18 USCS § 922] shall be fined . . . imprisoned not more than 10 years, or both."  18 U.S.C. § 924(a)(2).

Following the Supreme Court's decision in *Rehaif*, the Second Circuit has explained that "[t]o find [a defendant] guilty of a violation of § 922(g)(1), a properly-

instructed jury would have to find, beyond a reasonable doubt, that [the defendant] knew *he was a person convicted of a felony, or 'a crime punishable by imprisonment for a term exceeding one year*.'" *United States v. Miller*, 954 F.3d 551, 558 (2d Cir. 2020) (emphasis added).  In other words, the defendant "need not specifically know that it is *illegal for him to possess a firearm* under federal law, [rather] *Rehaif* requires him to know, at the time he possessed the firearm, that he '*ha[d] been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year*.'" *United States v. Bryant*, 976 F.3d 165, 172-73 (2d Cir. 2020) (quoting 18 U.S.C. § 922(g)(1); then citing *Rehaif*, 139 S. Ct. at 2194) (emphasis added).

In the plea agreement, Petitioner and the United States Attorney "stipulate[d] and agree[d] that [certain] facts [we]re true and would be proven beyond a reasonable doubt at a trial" including that "[o]n February 28, 2012, law enforcement received word that [Petitioner] was selling marijuana in one of the housing projects in Greene County . . . The officers found [Petitioner] in the kitchen [of an apartment and] . . . [u]pon searching the[ officers] found marijuana and a firearm."  Plea Agreement at 3, 11.  Petitioner further admitted "that the gun was his and he *ha[d] been convicted of two counts of VGCSA-Sale of Cocaine in the Superior County Court of Greene County*."  *Id.* at 11 (emphasis added).  The PSI conducted following Petitioner's entry into the plea agreement explains that Petitioner was convicted of two counts of a "Sale of Cocaine" and, on April 13, 2009, sentenced to "[ten] y[ea]rs prob[ation]; [and] 180 to 210 days Detention Center."  PSI Report at 8.

Petitioner does not claim he was not aware of his status as a person who was previously convicted of a felony at the time of his possession of a firearm.  Rather,

Petitioner asserts a variety of arguments allegedly supporting his claim of actual innocence.  Petitioner avers that "[w]ithout proof that Petitioner knew that he could not possess firearms, no criminal act has been committed. Thus, Petitioner is actually innocent of violating Section 922(g)(1)."  Pet. at 8; *see also* Pet. at 16 ("Petitioner did not plead guilty to knowing he could not possess a firearm."); 17 ("Petitioner is actually innocent of violating Section 922(g)(1); because, he did not know that he could not possess a firearm, the government did not charge him with knowing that he could not possess a firearm[,] and Petitioner did not plead guilty to knowing he could not possess a firearm."); 19 ("Petitioner pled guilty to possessing a firearm, possessing the firearm as an ex-felon, and knowing that the firearm had traveled in interstate commerce. Petitioner was not charged [with] or convicted [of] knowing that he could not possess a firearm. Therefore, Petitioner is actually innocent of Count Three[.]").  Petitioner's argument confuses both the knowledge *Rehaif* required the government to prove and the concept of actual innocence.

"Following *Rehaif*, [the Second Circuit has] expressly held that 'a felon need *not* specifically know that it is illegal for him to possess a firearm under federal law' in order to be liable under sections 922(g)(1) and 924(a)(2)."  *United States v. Mack*, No. 20-376-CR, 2021 WL 4851391, at *3 (2d Cir. Oct. 19, 2021) (quoting *Bryant*, 976 F.3d at 172-73).  The Supreme Court's decision in *Rehaif* requires a defendant to "know, at the time he possessed the firearm, that he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  *Bryant*, 976 F.3d at 172-73 (internal quotation marks and citations omitted); *see also Greer v. United States*, 210 L. Ed. 2d 121, 141 S. Ct. 2090, 2095 (2021) ("[i]n felon-in-possession cases after

12

*Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm.") (emphasis in original).  The Second Circuit's application of *Rehaif* is consistent with that of other Courts of Appeals which have addressed the issue.  *Mack*, 2021 WL 4851391, at *3 (citing *United States v. Benton*, 988 F.3d 1231, 1237-39 (10th Cir. 2021); *United States v. Brown*, 845 F. App'x 1, 3 (D.C. Cir. 2021); *United States v. Singh*, 979 F.3d 697, 727-28 (9th Cir. 2020); *United States v. Maez*, 960 F.3d 949, 954-55 (7th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797-98 (6th Cir. 2019)).[5]

In Petitioner's case, the Supreme Court's decision in *Rehaif* requires that Petitioner knew, at the time he possessed the firearm, that he had been convicted of a felony.  *Mack*, 2021 WL 4851391, at *3 (explaining that in *Bryant*, the Court of Appeals "necessarily decided that *knowledge that possession of the firearm was illegal was not an element of the offense*.") (citing *Bryant*, 976 F.3d at 184) (emphasis added); *Rehaif*, 139 S. Ct. at 2200 ("in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant *knew he possessed a firearm* and that

---

[5] For example, in *United States v. Bowens*, the Sixth Circuit rejected the defendants' argument that: "*Rehaif* requires . . . that the Government prove each defendant 'knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance,' that in other words he 'knew of his status *as a prohibited person*.'"  938 F.3d 790, 797 (6th Cir. 2019), *cert. denied sub nom.*, *Hope v. United States*, 140 S. Ct. 814 (2020), and *cert. denied*, 140 S. Ct. 2572 (2020) (emphasis in original).  As that Court of Appeals explained:

> [I]t is at least plausible that the[ defendants] were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) . . . Such knowledge, however, is not, and cannot be, what *Rehaif* requires.
> The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse . . . *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code. Defendants' interpretation does not follow from the text of *Rehaif*. At the end of its opinion, the Court wrote that "the Government must prove . . . that [a defendant] knew he belonged to the relevant category of persons barred from possessing a firearm."

*Id*. (first citing *Cheek v. United States*, 498 U.S. 192, 199 (1991), then citing *Rehaif*, 139 S. Ct. at 2200).

he *knew he belonged to the relevant category of persons* barred from possessing a firearm.").[6]  Petitioner has failed to suggest, much less prove, that he did not "kn[o]w he was a person convicted of a felony, or 'a crime punishable by imprisonment for a term exceeding one year.'"  *Miller*, 954 F.3d at 558 (quoting 18 U.S.C. § 922(g)(1)).

Moreover, even with a correct understanding of the knowledge requirement, that the plea agreement lacked an explicit statement that Petitioner knew he had been convicted of a felony at the time he possessed the firearm is not sufficient to prove he was *actually innocent* of that offense.  "[T]he Government's failure to allege his knowledge as an element of the offense in the Indictment or during the plea allocution does not render [Petitioner] innocent because '[a]ctual innocence means factual innocence, not mere legal insufficiency.'"  *Waring v. United States*, No. 1:17-CR-0050, 2020 WL 898176, at *3 (S.D.N.Y. Feb. 25, 2020) (quoting *Bousley*, 523 U.S. at 623-24 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992))); *see also Ultsch*, 2020 WL 7028909, at *3 (same).  Therefore, the burden is on Petitioner to "'demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"  *Dhinsa*, 917 F.3d at 81 (quoting *Bousley*, 523 U.S. at 623).  Furthermore, "[b]ecause the actual innocence determination is based on an assessment of fact, the Government may rebut an actual innocence claim using 'any admissible evidence of petitioner's guilt *even if that evidence was not presented during petitioner's plea colloquy*.'"  *Perez v. United States*, 502 F. Supp. 2d 301, 306 (N.D.N.Y. 2006)

---

[6] *See also, e.g.*, *Bowens*, 938 F.3d at 797 ("in a prosecution under § 922(g)(3), the Government arguably must prove that defendants *knew they were unlawful users of a controlled substance*, but not, as defendants appear to argue, that they *knew unlawful users of controlled substances were prohibited from possessing firearms under federal law*.") (emphasis added).

(quoting *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004)) (emphasis added, additional citation omitted).

Petitioner cannot demonstrate that no reasonable juror would have convicted him of violating 18 U.S.C. §§ 922(g)(1) & 924(a)(2), even after the Supreme Court's decision in *Rehaif*. Petitioner does not contest that "[o]n February 28, 2012," law enforcement officers found him in the kitchen of an apartment where a firearm was found and "the gun was his." Plea Agreement at 3, 11. Petitioner also admitted in the plea agreement that the "[g]un was manufactured in Florida and therefore traveled in interstate commerce." Plea Agreement at 11. Petitioner further stipulated to the existence of his "prior felony drug conviction in April, 2009[.]" Plea Agreement at 4. Accordingly, there is no dispute that at the time of the criminal act, Petitioner had been convicted of a felony offense and possessed a firearm that had been shipped or transported in interstate commerce.

Turning to the knowledge requirement as clarified in *Rehaif*, a reasonable juror could have found that Petitioner "*knew he was a person convicted of a felony*, or 'a crime punishable by imprisonment for a term exceeding one year'" on February 28, 2012, when he possessed the firearm. *Miller*, 954 F.3d at 558 (emphasis added). As an initial matter, there is no indication that Petitioner lacked knowledge of his status as a person who had been convicted of a felony on February 28, 2012. The record does, however, establish that on April 13, 2009, Petitioner was convicted of two counts of "Sale of Cocaine" and sentenced to "180 to 210 days" detention followed by ten years of probation. PSI Report at 8-9. Petitioner does not contest that the "Sale of Cocaine" is a felony offense or a crime punishable by imprisonment for a term exceeding one year.

15

Nor does Petitioner argue that he was not aware that he had been convicted of a felony when he was convicted of two counts of "Sale of Cocaine."

Petitioner was convicted and sentenced after he entered a plea of guilty to those charges *with attorney representation*. PSI Report at 8-9. Therefore, it is, at least, *highly improbable* that Petitioner did not know he had been convicted of a felony in April of 2009. *See Miller*, 954 F.3d at 559 ("[G]iven the rights to appointed counsel, effective assistance of counsel, and due process, it is highly improbable that a person could be convicted of a felony without being aware that his possible sentence would exceed one year's imprisonment."). Additionally, the United States Supreme Court has highlighted that "[a]s many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons." *Greer*, 141 S. Ct. at 2095. Indeed, the Supreme Court acknowledged that attempts to challenge a conviction based on its decision in "*Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons." *Id*. at 2098 (citing *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)) (internal quotations omitted).

In sum, any rational juror could have found the essential elements of the crime of "Possession of a Firearm by a Convicted Felon" were satisfied and convicted Petitioner even with a correct understanding of the law as clarified by the Supreme Court's decision in *Rehaif*. Therefore, Petitioner is unable to demonstrate he is "actually innocent" of said offense. Because Petitioner has failed to prove actual innocence, he cannot satisfy the savings clause's jurisdictional requirement, and this Court may not

review the merits Petitioner's claims.  *See Dhinsa*, 917 F.3d at 81 (citing 28 U.S.C. § 2255(e); *Adams*, 372 F.3d at 136).

## V.   CONCLUSION

**WHEREFORE**, it is

**RECOMMENDED** that the petition, Dkt. No. 1, be **DENIED and DISMISSED** in its entirety; and it is further

**RECOMMENDED** that no Certificate of Appealability ("COA") shall issue because the Petition was brought under 28 U.S.C. § 2241, therefore, a certificate of appealability is not required for Petitioner to appeal the denial of his Petition.  *See Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999) (holding the Antiterrorism and Effective Death Penalty Act's certificate of appealability requirement does not apply to  § 2241 petitions).

**RECOMMENDED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Report-Recommendation and Order on Petitioner, along with copies of unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*,

984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892

F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a). [7]

DATED:  April 27, 2023

      Binghamton New York

Miroslav Lovric
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  *Id*. § 6(a)(1)(C).